## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RONALD R. CAIRE, SR.**                                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 13-4765**

**MURPHY OIL USA, INC., ROBERT**                 **SECTION C**
**LANDRY, DAVID MENDREK,**
**WILLIAM TURNAGE, EAGLE, INC.,**
**THE MCCARTY CORPORATION f/k/a**
**MCCARTY-BRANTON, INC., REILLY**
**BENTON CO., INC.,**
**ANCO INSULATORS, INC., AND**
**TAYLOR-SEIDENBACH, INC.,**

### ORDER AND REASONS[1]

Plaintiff, Ronald R. Caire, Sr. ("Plaintiff"), filed a motion to remand this action to the 34th

Judicial District Court for St. Bernard Parish, Louisiana from where it was removed. Rec. Doc. 5.

Defendants, Murphy Oil USA, Inc. ("Murphy"), David Mendrek, and William Turnage

("Defendants") oppose the motion. Rec. Doc. 6. Having considered the memoranda of counsel and

the law, the motion to remand is GRANTED for the following reasons.

### I. Background

Plaintiff filed this suit against Murphy and Defendants Robert Landry, David Mendrek,

William Turnage (collectively "Employee-Defendants"), Eagle, Inc., The McCarty Corporation,

Reilly Benton Company, Anco Insulators, Inc., and Taylor-Seidenbach, Inc. (collectively "Insulator

Defendants") seeking damages for his development of bladder cancer allegedly caused by exposure

to toxic and carcinogenic substances while working at the Murphy Oil Refinery in St. Bernard

---

[1]Ginny Wallette, a third-year student at Tulane University Law School, assisted in the
preparation of this Order and Reasons.

1

Parish, Louisiana. Rec. Doc. 1-1, p. 2. Plaintiff brings suit for negligence and strict liability and claims damages for physical pain and suffering, mental pain and suffering and emotional distress, loss of enjoyment of life, disability, medical expenses, and loss of earnings. *Id.* at 8.

## II. Law and Analysis

### A. Federal Jurisdiction Standard

The party invoking federal jurisdiction has the burden "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegations." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938) (citing *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-89 (1936)); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039, 1052 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983). The court is mindful that the removal statutes are to be strictly construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986). Consequently, when subject matter is doubtful, remand is appropriate. In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citation omitted).

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. 28 U.S.C. § 1441 (2006). The district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and the parties are citizens of different states. 28 U.S.C. § 1332 (2006). For diversity jurisdiction to attach, complete diversity must exist, i.e. the citizenship of every plaintiff

must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267, 267-68 (1806).

## B. Federal Jurisdictional Minimum

In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *De Aguilar*, 47 F.3d at 1409 (citation omitted). This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citations omitted).

In this matter, Plaintiff does not claim a specified amount of damages. He claims damages for physical pain and suffering, mental pain and suffering and emotional distress, loss of enjoyment of life, disability, medical expenses, and loss of earnings and/or earning capacity. Rec. Doc. 1-1, p. 8. Defendants allege that the claim that Plaintiff has developed cancer due to occupational exposure to asbestos is sufficient to establish that the jurisdictional minimum will be exceeded. Rec. Doc. 6, pp. 4-5. The Fifth Circuit outlined the difference between a jurisdictional amount which is facially apparent and one which requires additional factual allegations in *Simon v. Wal-Mart Stores, Inc.* 193 F.3d 848, 850 (5th Cir. 1999). There, the court distinguished a case where the "complaint alleged . . . damages from less severe physical injuries—and injured shoulder, bruises, and abrasions" from another where the plaintiff "became severely ill . . . [and] alleged damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework following her hospitalization." *Id.* at 850-51. In the latter case, the jurisdictional minimum was facially apparent, whereas in the former it was not.

*Id.* In the present case, Plaintiff alleges that he contracted bladder cancer as a result of the fault of Defendants. Within the spectrum of damages defined by the Fifth Circuit, the contraction of cancer certainly exceeds the severity and thus the damages produced by an injury which is only temporarily debilitating. Damages in cases where workers are exposed to toxic chemicals often greatly exceed $75,000. *Thomas v. A.P. Green Industries, Inc.*, 2005-1064 (La. App. 4 Cir. 5/31/06), 933 So.2d 843, 847 & 850 (affirming survival damages of $2 million for exposure to asbestos causing lung cancer); *Warren v. Sabine Towing and Transp. Co.*, 2001-0573 (La. App. 3 Cir. 10/30/02), 831 So.2d 517, 522 (affirming damages of over $2 million for plaintiff's exposure to benzene causing a blood disease); *Lemaire v. CIBA-GEIGY Corp.*, 1999 1809 (La. App. 1 Cir. 6/22/01), 793 So.2d 336, 340 & 343 (affirming an award of $428,200 for exposure to toxic chemicals resulting in plaintiff's increased risk of cancer).  Thus, this court finds that the jurisdictional minimum is met.

### C. Improper Joinder

The standard for determining when a defendant has been improperly joined is well established in the Fifth Circuit. "[W]e have recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Because the improper joinder doctrine is a narrow exception to the complete diversity rule, the burden of demonstrating improper joinder is a heavy one. *See Id.* at 574. Factual allegations must be evaluated in the light most favorable to the plaintiff. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). If there is even a possibility that a state court would find a cause of action against any in-state defendant on the facts alleged by the plaintiff, then the federal court must find that the in-state defendants were properly joined, there is incomplete

4

diversity, and the case must be remanded to the state court. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981) (citations omitted). The Fifth Circuit has directed courts to conduct a Rule 12(b)(6) type analysis to determine whether the complaint states a claim under state law against the in-state defendants. *Smallwood*, 385 F.3d at 573 (5th Cir. 2004). However, if the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

### 1. Employee Defendants Were Properly Joined

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (citation omitted). Whether Plaintiff states a valid claim for which relief can be granted depends on the test articulated in *Canter v. Koehring Co.* 283 So.2d 716 (La. 1973), *superseded on other grounds by statute*, La. Rev. Stat. Ann. § 23:1032 (1998). Under *Canter*, a court may hold a corporate officer or employee individually liable if the following conditions are satisfied:

> 1. The principal or employer owes a duty of care to the third person (which in this sense includes a co-employee), breach of which has caused the damage for which recovery is sought.
> 2. This duty is delegated by the principal or employer to the defendant.
> 3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances-whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
> 4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply

> because of his general administrative responsibility for the performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility  unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Id.* At 721. In this case, there exists an issue of fact as to whether the individual employee-defendants were delegated personal responsibility over the health and safety of invitees on their employer's premises. The employee-defendants have submitted affidavits declaring that any direct or personal duties for the safety, supervision, or management of Plaintiff assigned to them were general administrative responsibilities. Rec. Doc. 6, Ex.  6-2, 6-3, 6-4. However, Plaintiff's claims go beyond merely reciting the job descriptions of Defendants in order to attach liability. Rather, they show specific duties delegated to the persons performing in Defendants' capacity at the time of Plaintiff worked as a contractor for Murphy Oil. Rec. Doc. 6, Ex. 1-1, pp. 3-4. The Fifth Circuit, confronted with a similar case, found that the plaintiff's reliance on the defendant company's operating procedures were insufficient to controvert deposition testimony from the employee-defendants denying any personal liability by speaking to the facts of the specific incident that occurred. *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. App'x 911, 918 (5th Cir. 2009). The magistrate judge in *Anderson* pierced the pleadings and conducted a summary inquiry, where not only did the defendants deny any personal duty, they denied intentional conduct that would give rise to liability and denied personal knowledge that would give rise to liability. *Id.* at 916-17. In the present case, the employee-defendants categorically deny any personal duty owed to Plaintiff without confronting the specific allegations made by Plaintiff. Rec. Doc. 6, Ex. 6-2, 6-3, 6-4. Thus, there remains a disputed issue of fact as to whether Employee-Defendants owed a personal duty to

Plaintiff. Therefore, Defendants have not carried their burden of proof in showing improper joinder of Employee-Defendants.

### 2. Insulator Defendants Were Properly Joined

In their opposition to Plaintiff's motion to remand, Defendants argue that Plaintiff cannot show a causal connection between exposure to asbestos, allegedly contained in the Insulator Defendants' products and the contraction of bladder cancer. Rec. Doc. 6, p.13. Defendants rely on cases which have held that the lack of evidence of a causal connection is enough to show the lack of a reasonable basis for the court to predict recovery in state court. *Id.* The single case with precedential value cited by Defendants deals with the necessity of privity, under Louisiana law, to sue an in-state distributor of cigarettes for the harm caused by them. *Badon v. R J R Nabisco,Inc.*, 224 F.3d 382, 398-99 (5th Cir. 2000). The court is mindful that summary inquiry to determine improper joinder is disfavored in the Fifth Circuit. *Smallwood*, 385 F.3d at 573-74. Additionally, the Fifth Circuit has noted that "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id*. at 573. Thus, the court declines to "pierce the pleadings" and demand contradicting scientific testimony at this early stage of the proceedings. Despite Defendants' claims, the case has not reached the appropriate point in this litigation for summary judgment based on causation. Such an inquiry is best left to the trier of fact. Therefore, the court finds that the Insulator Defendants were not improperly joined.

Because the court finds that neither the Employee-Defendants, nor the Insulator Defendants are improperly joined, complete diversity is destroyed and the court must remand the matter to state court.

### III. Conclusion

Accordingly,

IT IS ORDERED that the motion to remand is GRANTED. Rec. Doc. 5.

IT IS FURTHER ORDERED that this matter be and hereby is REMANDED to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 23rd day of September, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

8